Filed 3/19/21  In re A.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E075985 |
| Plaintiff and Respondent, | (Super.Ct.No. J281806) |
| v. | OPINION |
| J.L., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Christopher B Marshall, Judge.  Affirmed.

Valerie Lankford, under appointment by the Court of Appeal, for Defendant and Appellant.

Michelle D. Blakemore, County Counsel, and Dawn M. Martin, Deputy County Counsel, for Plaintiff and Respondent.

1

Defendant and appellant J.L. (mother) appeals from an order of the San Bernardino County Superior Court terminating her parental rights as to her son, B.L. (the child), at a permanent plan selection hearing held pursuant to Welfare and Institutions Code[1] section 366.26. We will affirm.

## BACKGROUND

This is mother's second appeal from orders made in the juvenile dependency proceedings involving the child.[2]

<u>The events leading to mother's first appeal</u>

A detailed account of the procedural and factual history of the section 300 dependency proceedings up until the setting of the section 366.26 permanent plan selection hearing is set forth in our opinion issued in mother's prior appeal (*In re B.L.*, *supra*, E074957). Suffice to say here that juvenile dependency proceedings were initiated by respondent San Bernardino County Children and Family Services (the Department) in 2019 when the child was born with a positive toxicology for methamphetamine. Family reunification services were offered to the child's father but not to mother because she previously failed to reunify with her other four children, parental rights had been

---

[1] All further statutory references are to the Welfare and Institutions Code.

[2] In mother's prior appeal (*In re B.L.* (March 4, 2021, E074957) [nonpub. opn.]), the case caption referred to the child as "B.L." His name was changed after his presumed father was identified. The reference "A.A." in the caption of this appeal reflects that change.

terminated as to two of them, and she had not thereafter made reasonable efforts to treat the problems that led to the removal of those children.

Shortly before the March 13, 2020 six-month status review hearing, mother filed a petition pursuant to section 388 in which she asked the juvenile court to either place the child in her care with provision of family maintenance services or order family reunification services for her along with increased liberalized visits with the child. The juvenile court summarily denied the petition. Mother appealed the denial, and we affirmed. (*In re B.L.*, *supra*, E074985.)

The six-month review hearing resulted in orders terminating father's family reunification services and setting a permanent plan selection hearing pursuant to section 366.26. Mother initiated writ proceedings in this court, which were dismissed after her counsel submitted a no-issues letter. (*J.L. v. Superior Court*, case No. E074915, dism. June 8, 2020.)

<u>The permanent plan selection hearing resulting in this appeal</u>

Mother appeared with counsel at the commencement of the permanent plan selection hearing in August 2020 and obtained a continuance to October 23, 2020, to prepare for a contest of the Department's recommendation that parental rights to the child be terminated. She failed to appear in October, and her counsel entered an objection to the Department's recommendation.

The court, unaware of any legal impediments to adoption of the child, found the child likely to be adopted and ordered termination of his parents' rights. Mother appealed.

## DISCUSSION

When parental rights were terminated, mother's appeal from the summary denial of her section 388 petition was still pending in this court. (*In re B.L.*, *supra*, E074985.) In this appeal, mother presents a single argument: if this court reverses the juvenile court's denial of her section 388 petition, we will necessarily be required to reverse the order terminating her parental rights. The People concede that point.

We have affirmed the denial of mother's section 388 petition (*In re B.L.*, *supra*, E074985) and mother has not established any basis for reversing the order terminating her parental rights.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

4